UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARQUIS DECOLE LONG,<br>TDCJ # 02098083,<br><br>Plaintiff<br><br>v.<br><br>OFFICER G. PINA and<br>WARDEN T. SELMAN,<br><br>Defendants | § § § § § § § § § § § § | Civil Action<br>No. SA-18-CA-146-DAE |

# MEMORANDUM DECISION

Before the Court are Plaintiff Marquis Decole Long's 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 3) and Defendants' Motion to Dismiss (Entry # 11).

## I.

Plaintiff Long's § 1983 Complaint purports to sue Texas Department of Criminal Justice (TDCJ) Dominguez Unit property manager G. Pina and Warden T. Selman for wrongfully destroying his property. Plaintiff seeks damages.

Long's Complaint alleges (and these allegations are undisputed by Defendants) and the documents annexed to Long's Complaint show: In August 2016, Long was in the custody of the TDCJ Dominguez Unit. On August 9, 2016 he was bench warranted to Anderson County jail, and his property remained at TDCJ. In the Anderson County case, Long was sentenced to four years in TDCJ. On November 15, 2016, Long re-entered TDCJ for service of the four year Anderson County sentence, and Long was assigned to the custody of the TDCJ Hutchins State Jail. On January 10, 2017, he requested that the Dominguez Unit property office return his property. Officer G. Pina, the Dominguez Unit property manager, informed Long his property was disposed of on January 3, 2017,

because Long's previous TDCJ sentence expired on November 15, 2016 and Long failed to inform the property office of his intentions for his property within thirty days as required by TDCJ policy.

Defendants move for dismissal of the Complaint contending this Court has no subject-matter jurisdiction, Plaintiff's allegations fail to allege a claim for § 1983 relief, and Defendants are entitled to qualified immunity.

## II.

Plaintiff brought suit pursuant to § 1983 which presents a claim within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III.

### - A -

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim for relief. To state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

Plaintiff alleges his property was "wrongfully disposed" but his Complaint fails to allege how his property was wrongfully disposed. Rather Plaintiff's own allegations show his property was properly disposed of pursuant to TDCJ policy. His previous TDCJ sentence expired on November 15, 2016, and Long acknowledges he did not enquire about his property until January 10, 2017 after his property was disposed of pursuant to TDCJ policy requiring prisoners to claim their property within thirty days. Plaintiff does not allege he did not have reasonable notice of the policy, and in any event a reasonable person would know the property would not be stored indefinitely. If Long's complaint is that Officer Pina did not make a sufficient effort to track Long down, this is contrary to the TDCJ policy which requires the prisoner to inform the property office what he wants done with his property; furthermore, at most, this is a negligence claim which is not actionable under § 1983. Plaintiff fails to allege facts that would support a claim that these proceedings violated his constitutional or federal rights, and thus he failed to state a claim for § 1983 civil rights relief.

- B -

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *See Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Qualified immunity shields from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271

(1986). Therefore "qualified immunity represents the norm," and courts should rarely deny a defendant immunity. *Harlow v. Fitzgerald*, 457 U.S. at 807. Where a defendant invokes qualified immunity, the plaintiff bears the burden of showing that it does not apply. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Defendants Pina and Selman in their individual capacities are entitled to invoke qualified immunity and Plaintiff failed to allege *particular facts* sufficient to show a violation of his clearly established constitutional rights, and therefore Defendants are entitled to qualified immunity. *See Wicks v. Mississippi State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir.), *cert. denied*, 515 U.S. 1131 (1995).

## IV.

Accordingly, Defendants' Motion to Dismiss (Entry # 11) is **GRANTED**, and Plaintiff Long's § 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) for failure to state a claim for relief.

DATED: Sept. 11, 2018

DAVID A. EZRA
Senior United States District Judge